UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.  3:10-CR-110-TAV-HBG-14 |
| GERALD SCOTT LONG, | ) ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

The Court is in receipt of a letter from defendant's wife, Keisha T. Long, asking the Court to release her husband to home confinement or a halfway house and citing the CARES Act [Doc. 569]. The government responded in opposition to Ms. Long's request [Doc. 571]. Although the letter was not filed as a motion because defendant's wife is a non-party to the criminal action, in the interest of eliminating some of the uncertainty and delay created by the COVID-19 pandemic, the Court will **DENY** her request.

The Court lacks authority to modify defendant's sentence, "unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (citing *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). And, as the government argues [Doc. 569 p. 2], the CARES Act does not authorize a court to modify a defendant's sentence. Rather, the CARES Act provides that "the Director of the Bureau [of Prisons ("BOP")] may lengthen the maximum time for which the Director is authorized to place a prisoner in home confinement" under 18 U.S.C. § 3624(c)(2); it does not authorize the Court to order defendants released to home confinement or a halfway house.

CARES Act, Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281 (2020). This is consistent, as the government notes [Doc. 569 p. 2], with the Court's inability to do more than recommend where a defendant shall serve his term of imprisonment, 18 U.S.C. § 3582(a), a recommendation that lacks binding effect on the BOP. *See* 18 U.S.C. § 3621(b). And, the BOP's designation of a place of imprisonment is nonreviewable. *Id.* Thus, the Court lacks authority to grant the kind of relief defendant requests under the CARES Act. *See also United States v. Justice*, No. 3:14-cr-103, 2020 WL 2748044, at *1–2 (E.D. Tenn. May 27, 2020) (finding court could not order home confinement under the CARES Act).

Because the Court has no authority to modify defendant's sentence as requested under the CARES Act, and to the extent the Court may even consider her letter as a motion, Ms. Long's request [Doc. 569] is **DENIED**.

IT IS SO ORDERED.

                                            s/ Thomas A. Varlan
                                            UNITED STATES DISTRICT JUDGE